UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES ELLIS JOHNSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES,<br><br>　　　　Defendant. | Case No. 22-cv-00747-DMR<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 36 |

　　On February 4, 2022, self-represented Plaintiff James Ellis Johnson filed a complaint against the United States. On September 12, 2022, the court granted Defendant's motion to dismiss Johnson's complaint. [Docket No. 18.] Johnson timely filed a first amended complaint on January 13, 2023. [Docket No. 21 ("FAC").] The court granted Defendant's motion to dismiss the FAC and ordered Johnson to file a second amended complaint by June 21, 2023. [Docket No 30.] On June 21, 2023, instead of filing a second amended complaint, Johnson filed a motion to recuse the undersigned. [Docket No. 31.] The court denied the motion and granted Johnson until October 9, 2023 to file a second amended complaint. [Docket No. 35.] Johnson then filed the present motion for reconsideration.[1] [Docket No. 36 ("Mot.").] Pursuant to Civil Local Rule 7-9, no prejudgment motion for reconsideration may be brought without leave of court. N.D. Civil L.R. 7-9(a). Accordingly, the court will construe Johnson's submission as a motion for leave to file a motion for reconsideration of the court's September 11, 2023 order denying his motion for recusal.

　　A motion for reconsideration may be made on one of three grounds: (1) a material difference in fact or law exists from that which was presented to the court, which, in the exercise

---

[1] Johnson also attaches a 28-page exhibit containing (1) the September 11, 2023 order on Johnson's motion for recusal and (2) the United States' April 11, 2022 motion to dismiss.

of reasonable diligence, the party applying for reconsideration did not know at the time of the order for which reconsideration is sought; (2) the emergence of new material facts or a change of law; or (3) a manifest failure by the court to consider material facts or dispositive legal arguments presented before such order.  N.D. Civ. L.R. 7-9(b)(1)-(3).

Having reviewed Johnson's submission, the court concludes that Johnson has not set forth grounds for leave to file a motion for reconsideration.  Johnson has not demonstrated the emergence of new material facts or a change in law occurring after the time of the court's order which should alter the analysis of this court's order dated September 11, 2023, nor has he demonstrated that there is a material difference in fact or law from that which was presented to the court.  *See* Civil L.R. 7-9(b)(1), (2).  Further, Johnson has not offered any evidence of "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court."  Civil L.R. 7-9(b)(3).  Therefore, the court DENIES Johnson's motion for leave to file a motion for reconsideration.

Johnson also requests that the court set October 31, 2023 as the deadline to file a second amended complaint because he "is in the middle of a rent board hearing," "has to prepare and be in court" on another case filed in this district, and has to "file aginst (sic) Greentree Property Management" before the end of the month.  Johnson is granted until **October 31, 2023** to file a second amended complaint.  No further extensions will be granted.  This order incorporates the court's previous instructions in the order dated May 22, 2023.  Johnson must follow those instructions.

**IT IS SO ORDERED.**

Dated: October 2, 2023

_____
DONNA M. RYU
Chief Magistrate Judge